UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW KEITH ALWARD,

                    Petitioner,                          Case No. 1:24-cv-994

v.

                                                  Honorable Ray Kent

VICTORIA BURKE-HARRIS,

                    Respondent.

_____/

### ORDER OF TRANSFER

This is a habeas corpus action filed by a federal inmate pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) in Cumberland, Maryland. He is serving a 120-month sentence imposed by this Court after Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. *See generally United States v. Alward*, No. 1:19-cr-261 (W.D. Mich.).

In his § 2241 petition, Petitioner sets forth that he is challenging a detainer against him issued by the Washtenaw County Prosecutor's Office and the 22nd Circuit Court for Washtenaw County. (§ 2241 Pet., ECF No. 1, PageID.2.) Petitioner suggests that the detainer should be moot because his state sentence was supposed to run concurrently to his federal sentence. (*Id.*)

Generally, venue in habeas corpus actions is governed by 28 U.S.C. § 2241. That statute allows a petition to be filed either in the district where the petitioner is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d). However, "[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can,

of course, transfer the suit to a more convenient forum." *Braden v. 30th Jud. Circuit Ct. of Ky.*, 410 U.S. 484, 499 n.15 (1973). In fact, the Supreme Court concluded that the district of confinement "will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer." *Id.*

Although Petitioner is not currently incarcerated in this district, the same logic set forth in *Braden* applies. Petitioner is challenging a detainer lodged against him by the 22nd Circuit Court in Washtenaw County. Washtenaw County is located in the Eastern District of Michigan. 28 U.S.C. § 102(a). Applying traditional venue considerations, the Court concludes that Petitioner's § 2241 action should be litigated in that district, rather than this Court. Accordingly,

**IT IS ORDERED** that this case is hereby transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).

Dated:   September 26, 2024                          /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge